FEINBERG, Circuit Judge.
The New York State Department of Taxation and Finance (the Department) appeals from an order issued by the United States Bankruptcy Court for the Eastern District of New York and affirmed by the United States District Court for the Eastern District of New York. The bankruptcy court’s order, issued on the application of a Trustee acting under Chapter 7 of the United States Bankruptcy Code, directed two New York State County Clerks to record various documents without payment of the taxes required by New York State law as a prerequisite to recording the instruments. In effect, the order enjoined the State from collecting the taxes and deferred payment of them. The principal issue argued by the parties on appeal is whether the bankruptcy court had the authority to issue such an order. However, we do not reach that issue on the incomplete record before us. Instead, we reverse the order of the district court and remand on the alternate ground urged by the Department that the courts below failed to set forth the findings of fact or conclusions of law required by the Bankruptcy Rules and the Federal Rules of Civil Procedure.
Background
Luis Electrical Contracting Corp., a small electrical contractor, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and C. Steven Hackeling, the appellee in this case, was appointed in March 1988 as Trustee of the bankruptcy estate. In the course of examining the debtor’s affairs, the Trustee discovered the existence of two unrecorded instruments which he believed evidenced estate assets, although both instruments were in the name of a principal of the debtor, Domenico Rabuffo, rather than in the name of the debtor itself.
The first of the two instruments consisted of an August 1986 mortgage note and mortgage on real property located in Warren County, New York, executed by the Georgian Motel Corporation (the Georgian mortgage). The other was a December 1986 deed transferring real property located in Nassau County, New York, and executed by a partnership, Brucap Associates (the Brucap deed). The Trustee obtained from Mr. Rabuffo an assignment of the Georgian mortgage dated August 30, 1988 (the Georgian mortgage assignment), and an undated deed transferring the Nassau County real property to the Trustee (the Rabuffo transfer deed).
By order to show cause in September 1988, the Trustee moved in the bankruptcy court for an order (1) directing the Clerk of Warren County to record the Georgian mortgage and the Georgian mortgage assignment without payment of the New York State mortgage recording tax and (2) directing the Clerk of Nassau County to record the Brucap deed and the Rabuffo transfer deed without payment of the New York State real estate transfer tax or real property capital gains tax. In the alternative, the Trustee requested that the bankruptcy court defer payment of the taxes. The Trustee submitted an unsworn application in support of his motion.
In his application, the Trustee alleged that the Georgian mortgage had not previ *715 ously been recorded because neither Georgian nor Luis Electrical had had sufficient funds to pay the recording tax. The Trustee stated that the interest payments required by the Georgian mortgage would be sufficient to allow the Trustee to pay the mortgage recording tax. However, the Trustee did not explain how Georgian would be able to make the interest payments when it did not have sufficient funds to pay the mortgage recording tax, nor did he indicate how recording the mortgage would affect the collection of the interest.
The Trustee similarly alleged that the Brucap deed had not previously been recorded because Brucap, which was responsible for the transfer tax and capital gains tax, did not have sufficient funds to pay them and would not assist the Trustee in recording the transfer. The Trustee stated that if the transfer were permitted the estate would obtain a substantial asset, presumably the property itself, and also receive a substantial amount in rental payments under a lease on the property between Mr. Rabuffo and an entity related to Brucap. However, the Trustee did not explain how recording the instruments would affect either the estate’s interest in the property or the estate’s right to receive rental payments.
Finally, the Trustee stated that at the time of the application the Trustee had only $3,000 available, and therefore could not pay the taxes. The Trustee alleged in general terms that the recording of the mortgage and the deeds would greatly assist him in marshalling the debtor’s assets, but did not indicate any need to record the instruments immediately, and gave no explanation for bringing on his motion by order to show cause. The only legal authority cited by the Trustee in his application was the bankruptcy court’s discretion under § 105 of the Bankruptcy Code. That section permits the bankruptcy court to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” 11 U.S.C. § 105.
The return date of the order to show cause was only a week after its issuance, September 29, 1988. On that date the New York State Department of Taxation and Finance appeared before the bankruptcy judge and requested a 30-day adjournment to allow it to prepare memoranda of law and obtain affidavits, noting that the application presented a number of tax law and bankruptcy law issues. The Trustee opposed any adjournment, stating that “time is of the essence,” although the record does not reflect any specific representation by the Trustee explaining the need for haste or the effect of recording the instruments. While the Trustee also stated that “the court knows some of the background,” there is no identification of the relevant “background” in the record before us.
The bankruptcy judge denied the Department’s application for an adjournment and granted the Trustee’s request to defer payment. The order appealed from, directing the Clerks of Warren County and Nassau County to record and file the instruments without payment of any of the taxes, was entered the same day. The order provides that the taxes are deferred until the estate has “sufficient funds,” at which point they may be paid upon application to the bankruptcy court with notice to all creditors. The record does not reveal the factual or the legal basis for the bankruptcy judge’s decision.
The Department appealed the September 29, 1988 order of the bankruptcy court to the district court, and applied for a stay of the order pending appeal. After a brief hearing at which the Department was informed that the instruments had already been recorded in accordance with the order, the Department withdrew its motion for a stay.
The Department urged the district court to review the ease de novo because of the absence of findings of fact or conclusions of law by the bankruptcy judge. Both parties submitted briefs in which they disputed, among other things, the bankruptcy court’s authority to issue an order in a Chapter 7 case directing the State to record instruments while enjoining its collection of taxes, the efficacy of other remedies available to the Trustee and whether, if the bankruptcy court had power to issue such *716 an order, its issuance in this case was an abuse of discretion. After hearing the parties very briefly, the district judge affirmed the bankruptcy judge’s order in all respects, without articulating on the record any findings of fact or, except in the most summary way, conclusions of law.
Discussion
In order to obtain an order to show cause, the Local Rules of the United States Bankruptcy Court for the Eastern District of New York require that the applicant make “a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than notice of motion is necessary.” Local Rule 22(d). We find no record of any affidavit having been submitted in support of the Trustee’s application. We also find no statement in the Trustee’s application indicating the reason for bringing on his motion by order to show cause.
Under the Bankruptcy Rules, Rules 52 and 65 of the Federal Rules of Civil Procedure are applicable to an action to obtain an injunction or other equitable relief. Bankruptcy Rules 7001(7), 7052 & 7065. Rule 65 requires that “[ejvery order granting an injunction ... shall set forth the reasons for its issuance.” Fed.R.Civ.P. 65(d). Moreover, Rule 52 requires that “in granting or refusing interlocutory injunctions the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its action.” Fed. R.Civ.P. 52(a). One purpose of these requirements is to enable an appellate court to understand clearly the basis of the decision below. See, e.g., Inverness Corp. v. Whitehall Laboratories, 819 F.2d 48, 50 (2d Cir.1987); 5A Moore’s Federal Practice If 52.06 at 52-139 (2d ed. 1990) (purpose of Rule 52(a)); 7 Moore’s Federal Practice ¶ 65.11 at 65-141 (purpose of Rule 65(d)). In Inverness, this court observed that when “[w]e cannot, without resorting to speculation, determine whether the district court considered these issues,” “the only appropriate procedure is to remand the case.” Inverness, 819 F.2d at 51; see also, e.g., 5A Moore’s Federal Practice 11 52.06 at 52-153; 9 Collier on Bankruptcy 117052.04 at 7052-6 (15th ed. 1990).
It should be apparent that we do not have an adequate basis on which to judge the merits of the parties’ positions. For example, the Department argues that the bankruptcy court’s order violated the Tax Injunction Act, which provides that “[tjhe district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.” 28 U.S.C. § 1341. If the Tax Injunction Act were found to be applicable to the present case, an issue we do not decide, then the propriety of the bankruptcy court’s order would depend on whether New York State law provided the Trustee with “a plain, speedy and efficient remedy.” Although the lower courts apparently determined that it was necessary for the Trustee to record the instruments at issue without waiting to collect sufficient funds to pay the required taxes, the record does not reveal the reasons underlying that determination. Not knowing the extent of the problem to which the remedy was addressed, we cannot evaluate whether an alternative remedy was “plain, speedy and efficient.”
We use the Tax Injunction Act merely as an example and not to limit the issues raised by this case. The State’s position is that under the Bankruptcy Code trustees in Chapter 7 liquidation cases must operate on a “pay as you go” basis. The State argues that the Trustee in this case has paid such expenses as filing fees and an auctioneer’s fee, and should similarly pay the State’s taxes before availing himself of the State’s recording system. The Trustee argues that where the State’s recording and transfer tax requirements threaten to destroy the estate’s ability to realize the value of property allegedly worth several million dollars by denying the protection of recording, the bankruptcy court may exercise its equitable power under the Bankruptcy Code as it has in this case.
In the absence of findings of fact and conclusions of law by the courts below, we decline to reach any aspect of the issue of *717 the bankruptcy court’s authority in a Chapter 7 proceeding to direct a New York State County Clerk to record instruments without the tax payments required by New York State law, an issue that appears to be both novel and difficult. Instead, we reverse the order appealed from, and remand for proceedings in accordance with the applicable Bankruptcy Rules and Federal Rules of Civil Procedure.
In addition, we instruct the court on remand promptly to determine, after appropriate notice has been given, the amount of tax due, if any. The documents in question were recorded about two years ago. At oral argument it appeared that the Trustee has collected more than enough funds to pay the taxes at issue. Since lack of funds was the only reason the Trustee gave for nonpayment of the taxes, we see no reason for further delay in payment whatever the merits of the parties’ underlying claims.
We reverse the order of the district court and remand the case for further proceedings in accordance with this opinion.