CAPITOL CREDIT PLAN OF
TENNESSEE, INC.,
Plaintiff–Appellant,

v.

Cynthia Kay SHAFFER,
Defendant–Appellee,

v.

AMERICAN FINANCIAL SERVICES AS-
SOCIATION; North Carolina Clients'
Councils, Amici Curiae (Two Cases).

Nos. 88–2877, 89–2726.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1989.

Decided Sept. 10, 1990.

Archibald Carter Magee, Jr., argued, and Jonna M. McGraw, Rebecca Buehler Connelly, on brief, Magee and Associates, Roanoke, Va., for plaintiff-appellant.

Barry Lynn Proctor, Abingdon, Va., for defendant-appellee.

Frank Max Salinger, Robert E. McKew, American Financial Services Ass'n, Washington, D.C., for amicus curiae American Financial Services Ass'n.

Douglas Scott, Virginia Poverty Law Center, Richmond, Va., John Rao, Robert Sabel, National Consumer Law Center, Boston, Mass., for amicus curiae North Carolina Clients' Council.

Before RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH,* Senior Circuit Judge.

DONALD RUSSELL, Circuit Judge:

■ In this case, we consider the jurisdiction of the circuit courts to hear appeals in bankruptcy cases. We hold that when a

___

* Senior Judge Haynsworth participated in the consideration of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

bankruptcy case has been tried in bankruptcy court and has been appealed to the district court, it may only be appealed further to the circuit court when the district court's ruling was a final decision. In this instance, since the district court remanded the case to the bankruptcy court for further consideration, the decision was not final. Thus, we do not have subject matter jurisdiction to hear this appeal, and the appeal is dismissed.

## I.

This case concerns the Chapter 13 bankruptcy of Cynthia K. Shaffer. In her petition for bankruptcy, Shaffer listed two debts that were secured by deeds of trust on her principal residence. One of these debts was a short-term note in favor of appellant Capitol Credit Corporation. This note was secured only by Shaffer's home; however, this loan had not been used by Shaffer to purchase her home. Instead, the note was what is popularly known as a "home equity loan."

The bankruptcy plan filed by Shaffer proposed to reduce the size of this note in a number of ways: the interest rate was to be reduced, the principal amount was to be slightly reduced, the payments were to be extended over a longer period of time, the overdue payments were to be forgiven, and no attorneys fees or costs were to be paid (as provided for in the note in the case of default). Capitol Credit objected strongly to this plan, maintaining that it was entitled to the full value of the note.

Capitol Credit primarily argued that 11 U.S.C. § 1322(b)(2) prohibits the modification of the rights of a creditor whose only security interest is in the debtor's home. The plain language of that section supports Capitol Credit's position. However, the bankruptcy court ruled that this section was only intended to protect the home mortgage industry, and that nonpurchase money loans were not included in that section's protection. Accordingly, the bankruptcy court scaled back Capitol Credit's loan in keeping with the debtor's plan. The district court upheld this reading of section 1322(b)(2) on appeal.

In addition to the section 1322(b)(2) issue, Capitol Credit had raised two additional arguments in the bankruptcy court which the bankruptcy judge did not address. Capitol Credit had argued that two other provisions of the U.S. Code also prevented the scaling back of the note in a bankruptcy plan. Capitol Credit raised the failure of the bankruptcy court to address these arguments on appeal in the district court. The district court declined to resolve them, however. Instead, it remanded these issues to the bankruptcy court, stating that "the record is devoid of any findings on these aspects of the case and Shaffer cannot afford to defend the decision."

Capitol Credit then sought to appeal the ruling regarding section 1322(b)(2) to this court before returning to the bankruptcy court. It petitioned the district court to certify that issue to this court as an interlocutory appeal under 28 U.S.C. § 1292(b). The district court agreed, and certified the issue to this court, which accepted the appeal.

## II.

The first issue in every appeal is one of jurisdiction. This issue may be raised at any time, even on appeal, even by the court *sua sponte*. *Mansfield, Coldwater & Lake Railway Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884). Although this court initially granted the petitioners the right to appeal the decision below, we did not consider at that time whether this court had subject matter jurisdiction. We subsequently raised this jurisdictional issue, and we now hold that we do not have jurisdiction.

First, some background is helpful. Bankruptcy cases can originate in either the bankruptcy court or the district court. *See* 28 U.S.C. §§ 151, 1334(b). If the case originates in the bankruptcy court, the district court generally hears the appeal. Of course, if the case begins in the district court, then the first appeal is to the circuit court.

Unfortunately, the U.S. Code does not lay out a clear appellate scheme in bank-

ruptcy cases. *See* 16 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3926 (Supp.1990). Title 28, U.S.C., § 158 specifically addresses bankruptcy appeals, but it does not paint a complete picture.[1] Subsections (a) and (b) address appeals from the bankruptcy court to the district court. They provide for appeals from final decisions *and interlocutory orders*. Further, they provide that a circuit may designate a bankruptcy appellate panel to hear bankruptcy appeals in lieu of district court review. This appellate panel would be composed of bankruptcy judges from within the circuit, and the affected district judges must consent to this dislocation of their appellate jurisdiction. Section 158(d) addresses the appellate jurisdiction of the circuit court over appeals from both the decisions of the district court and the bankruptcy appellate panel. However, there is no provision for interlocutory appeals; it merely provides jurisdiction for "appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." 28 U.S.C. § 158(d).

Since we are not presented with an appeal of a final decision, the plain language of section 158(d) would indicate that we do not have jurisdiction, since this section does not provide for interlocutory appeals. The issue is whether the Code provisions for ordinary civil appeals supplement section 158(d) so that an appellate court may hear an interlocutory appeal in a bankruptcy case that originates in the bankruptcy court. We find that section 158(d) is the exclusive section governing our jurisdiction in that instance, and, thus, there is no interlocutory jurisdiction in this court in such cases.[2]

Section 1291 of 28 U.S.C. grants jurisdiction to circuit courts to hear appeals from the final decisions of district courts.[3] Section 1292(b) provides for interlocutory appeals to circuit courts from district court orders by certification.[4] The district judge may certify an issue for interlocutory appeal if there is a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The circuit court has discretion in deciding whether to accept the appeal. This appeal arrived by this route. Yet, are sections 1291 and 1292(b) pertinent to bankruptcy appeals when the case began in the bankruptcy court? There are three possible positions that can be taken, and the circuits that have addressed this question

---

1. § 158. **Appeals**

   (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....

   (b)(1) The judicial council of a circuit may establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all parties, appeals under subsection (a) of this section.

   \*    \*    \*    \*    \*    \*

   (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

2. This decision was foreshadowed in an earlier case in this circuit, *In re Looney*, 823 F.2d 788 (4th Cir.1987). In *dicta* in a footnote, *Looney* stated that "ordinarily, *both* the district court *and* the bankruptcy court orders must be final orders before the court of appeals has jurisdiction." *Id.* at 791 n. 3 (emphasis in the original).

3. § 1291. **Final decisions of district courts**

   The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court....

4. § 1292. **Interlocutory decisions**

   \*    \*    \*    \*    \*    \*

   (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

are badly split. We explore each school of thought briefly.

First, section 158(d) could be the exclusive section regarding all bankruptcy appeals. For several reasons, this cannot be so. Most importantly, there would be no provision for appeals to the circuit court for bankruptcy cases that originated in the district court. Section 158(d) only provides for appellate jurisdiction for decisions rendered under sections 158(a) and (b). Those sections *only* address the instance where a case originates in the bankruptcy court, and is appealed to the district court.

In addition, if section 158 was the exclusive jurisdiction section, then there would be no jurisdiction for any interlocutory appeal to a circuit court in a bankruptcy case *ever*, either in cases originating in the bankruptcy court or the district court. This would produce disparate appellate schemes. Interlocutory appeals would be permitted to the district court from the bankruptcy court under section 158(a), but there would be no parallel provision for interlocutory appeals to the circuit court for cases originating in the district court. There is no apparent reason for such a difference. No circuit has adopted the first school of thought to our knowledge. The Ninth Circuit adopted this position at first, *Teleport Oil Co. v. Security Pacific National Bank*, 759 F.2d 1376, 1378 (9th Cir. 1985), but later recognized the weakness of such a position. *In re Benny*, 791 F.2d 712, 717–19 (9th Cir.1986). We implicitly rejected the first school of thought in *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), where we held that section 1291 governed our review of bankruptcy cases commencing in the district court. *Id.* at 1009. We did not address the relationship of section 1291 and section 158 in that case, yet that ruling established that the first school of thought was not the law of this circuit.

Under the second school of thought, section 1292(b) would be a supplemental provision concerning all bankruptcy appeals to the circuit court, regardless of whether the case began in the bankruptcy court or the district court. Two arguments can be made in support of this position. One, there is no language in section 158(d) expressly indicating that it is the exclusive provision regarding circuit court jurisdiction. Two, by permitting the use of section 1292(b) interlocutory jurisdiction, the circuit court is granted the same interlocutory appellate jurisdiction enjoyed by the district court. The Seventh Circuit has adopted this position, and has twice utilized section 1292(b) in cases that originated in the bankruptcy court. *In re Jartran, Inc.*, 886 F.2d 859, 864–65 (7th Cir.1989); *In re Moens*, 800 F.2d 173, 176–77 (7th Cir.1986).

Three other circuits have inferred that section 1292(b) jurisdiction would be available in such cases. In *In re Johns–Manville Corp.*, 824 F.2d 176 (2d Cir.1987), the Second Circuit stated in *dicta* that section 1292(b) would enable district courts to certify such interlocutory appeals to the circuit court. In *In re Salem Mortgage Co.*, 783 F.2d 626 (6th Cir.1986), the court found that section 1291 was an alternate basis for jurisdiction even on occasions where the case began in the bankruptcy court. If section 1291 is available in that situation, by implication section 1292(b) would also be available. A holding that section 1291 may be used when the case originated in bankruptcy court means that section 158(d) is not exclusive in that circumstance. Once it is established that section 158(d) is not exclusive, nothing in the Code indicates that section 1292(b) would not be available also. The Tenth Circuit stated the same position in *dicta* in *Teton Exploration Drilling v. Bokum Resources*, 818 F.2d 1521, 1524 n. 2 (10th Cir.1987).

Under the third school of thought, section 158(d) governs circuit court jurisdiction *solely* when the case originates in the bankruptcy court. However, when the case begins in the district court, section 158(d) would be inapplicable, and sections 1291 and 1292(b) would govern our jurisdiction. There are several reasons for following this position. Most importantly, it is the fairest approach to the plain language of section 158(d). That section says nothing about whether it is the exclusive section covering circuit court jurisdiction. Yet, the

structure of the section infers its limits. Section 158(d) merely states that the circuit court shall have jurisdiction to hear appeals from final decisions rendered under sections 158(a) and 158(b). Those sections only address cases that originated in the bankruptcy court and are appealed to a district court or a bankruptcy appellate panel. They do not address appeals from cases originally heard in the district court. If this section exclusively covered appeals to the circuit court and if section 158(d) was read literally, there would be *no* appeal to the circuit court of cases originating in the district court, because sections 158(a) and (b) do not address that instance. Congress obviously did not intend that result. Thus, the first school of thought's position is untenable.

The second school of thought's position is equally untenable. That school holds that section 1292(b) interlocutory jurisdiction is always available. That view is based on two observations: (1) no explicit language in section 158(d) says that it is exclusive, and (2) sections 1291 and 1292(b) must be available for appeal, or there would be no appeal from a case originating in the district court. This goes too far. Section 158(d) does address appeals in situations where the case began in the bankruptcy court, so there is no need to look to sections 1291 and 1292(b) for an appeal outlet to the circuit court. Also, making sections 1291 and 1292(b) jurisdiction available in all instances would make section 158(d) superfluous; there would be no need for providing for the appeal of final judgments in section 158(d) if section 1291 were always available and provided the same avenue of appeal. If section 158(d) has any purpose, it must be regarded as exclusive in the areas which it addresses—cases that began in the bankruptcy court.

If this is the appellate structure that Congress intended, there is certainly a strong rationale behind the system. As a general matter, there are tradeoffs to be weighed in deciding whether an interlocutory appeal is a good thing. If appellate review of a key matter would wrap things up quickly, such an appeal is desirable. Yet, as the First Circuit has pointed out,

these interlocutory reviews come at a cost. Allowing a second level of interlocutory review will further delay the proceedings, and it may be used solely to harass the opposing party. In addition, the appellate process is already quite costly to the parties. Even without permitting section 1292(b) jurisdiction, interlocutory review is available in the district court, with final review in the district and circuit courts. *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 800 n. 6 (1st Cir.1985). Very little would be gained by adding yet another layer of interlocutory review. The review available in the district court should eliminate most errors. Congress recognized this tradeoff in section 158(d) and section 1292(b) by providing for interlocutory appeal from the trial court in limited circumstances. However, Congress apparently found that the scales tip in favor of completing the proceedings below after that review, instead of adding a second level of interlocutory review.

Indeed, this third school of thought produces symmetry in the appellate system for bankruptcy cases. Whether the case begins in the bankruptcy court or the district court, the law would provide for an interlocutory appeal in the next highest court, with appeals allowed to go higher only after a final decision has been reached. If the case began in the bankruptcy court, sections 158(a) and (d) permit interlocutory and final review in the district court (or in a bankruptcy appellate panel), and only final review in the circuit court and Supreme Court. If the case began in the district court, sections 1291 and 1292(b) permit interlocutory and final review in the circuit court, and final review in the Supreme Court.

The third school of thought has already been adopted by the Third, Fifth and Ninth Circuits. *Matter of Topco, Inc.*, 894 F.2d 727, 735 n. 12 (5th Cir.1990); *Browning v. Navarro*, 887 F.2d 553, 556–57 (5th Cir. 1989); *In re Benny*, 791 F.2d 712, 716–18 (9th Cir.1986). This position was also adopted in *dicta* by the Third Circuit in *In re Brown*, 803 F.2d 120, 122 (3d Cir.1986).

Two other circuits have inferred that they would follow this position.

The First Circuit has intimated this position twice. In *Giles World Marketing, Inc. v. Boekamp Manufacturing, Inc.*, 787 F.2d 746 (1st Cir.1986), the court was considering whether an appeal was final, so that the court would have jurisdiction under section 158(d). In framing the issue, the court stated that "[a]s section 158(d) makes clear, our jurisdiction is *limited* to appeals from *final* judgments, orders, and decrees of the district courts." 787 F.2d at 748 (first emphasis added, second emphasis in original). Although the court did not discuss sections 1291 and 1292(b) (indeed, discussing section 1292(b) would have been *dicta*), the use of "limited" infers that those sections are not always available. In *In re American Colonial Broadcasting Corp.*, 758 F.2d 794 (1st Cir.1985), the court held that the language in section 158(d) giving circuit courts jurisdiction over all final "decisions" did not give the circuit courts the power to hear interlocutory appeals. Section 1292(b) was not considered in this opinion. However, the court did state that section 158(d) governed the appeal since the case began in bankruptcy court. *Id.* at 799. Also, the court's reasons for not allowing interlocutory appeals under section 158(d) would apply to a discussion of section 1292(b). The concerns raised by the First Circuit were discussed above.

The Eleventh Circuit has also implied that section 158(d) is exclusive when a case originates in the bankruptcy court. In *In re TCL Investors*, 775 F.2d 1516 (11th Cir. 1985), the court noted that section 158(d) "governed" its jurisdiction in bankruptcy cases. *Id.* at 1518. However, the issue presented was the finality of a district court order entered on appeal, and section 1292(b) was not discussed.

We find that the logic supporting the third school of thought is the strongest, and adopt it as the law of this circuit. However, we note that clarification by Congress would be quite helpful to the courts. As the above discussion illustrates, neither the language nor the structure of the relevant statutes provides an instant answer to this jurisdictional issue. A simple clarifying amendment could resolve the split among the circuits. Nonetheless, under the current statutory provisions as we interpret them, this court does not have jurisdiction to hear this interlocutory appeal pursuant to section 1292(b), and this appeal is dismissed. Since we do not have jurisdiction, we express no comment upon the merits of this appeal.

DISMISSED.

PHILLIPS, J., joins.