926 F.2d 191
 59 USLW 2530, 24 Collier Bankr.Cas.2d 1236,
21 Bankr.Ct.Dec. 661, Bankr. L. Rep. P 73,824
 Thomas M. GERMAIN, Trustee for the Estate of O'Sullivan's
Fuel Oil Co., Inc., Plaintiff-Respondent,
v.
The CONNECTICUT NATIONAL BANK, Defendant-Petitioner.
 Docket No. 90-8054.
 United States Court of Appeals,
Second Circuit.
 Submitted July 17, 1990.
Decided Feb. 15, 1991.
 
 Thomas M. Germain, Hartford, Conn., for plaintiff-respondent.
 G. Eric Brunstad, Hartford, Conn. (Janet C. Hall, Robinson & Cole, Hartford, Conn., of counsel), for defendant-petitioner.
 Before WINTER, MAHONEY and WALKER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 This petition for leave to appeal raises the question of whether we have appellate jurisdiction under 28 U.S.C. Sec. 1292(b) to review a district court order affirming an interlocutory order entered by the bankruptcy court. This issue turns on whether 28 U.S.C. Sec. 158(d) precludes by negative implication interlocutory review under Section 1292. We conclude that it does and dismiss the petition.
 
 BACKGROUND
 
 2
 In 1981, O'Sullivan's Fuel Oil Co., Inc. ("O'Sullivan") borrowed $500,000 from First Bank. As security, First Bank, which later merged with The Connecticut National Bank ("CNB"), received a mortgage lien on O'Sullivan's fuel oil facility. O'Sullivan's fortunes declined, and, on January 18, 1984, it filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Secs. 1101-74 (1988). CNB in turn filed a proof of claim. Two and one-half years later the bankruptcy court converted the Chapter 11 reorganization into a Chapter 7 liquidation, see 11 U.S.C. Secs. 701-66 (1988), and appointed Thomas M. Germain as Trustee for the debtor's estate.
 
 
 3
 On June 1, 1987, Germain, as Trustee, commenced an action against CNB in a Connecticut state court. The suit alleged that beginning in November 1983, roughly two months before O'Sullivan filed for bankruptcy protection, First Bank attempted to assume control of the company by demanding inter alia that O'Sullivan surrender control of the business and its assets to an individual of the Bank's choosing, that O'Sullivan file a Chapter 11 proceeding utilizing a law firm selected by the Bank, and that O'Sullivan replace its insurance agency. Based on these and subsequent alleged efforts to assert control, the Trustee sought damages based on various claims sounding in tort and contract, a claim under the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat.Ann. Secs. 42-110a to -110q (West 1987 & Supp.1990), and, of course, a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-68 (1988).
 
 
 4
 CNB removed the action to bankruptcy court, whereupon the Trustee filed a demand for a jury trial and moved to withdraw the bankruptcy court's reference. After the district court dismissed the Trustee's RICO claim and denied his motion to withdraw the bankruptcy reference, CNB moved before the bankruptcy court to strike the Trustee's jury demand. The bankruptcy court denied CNB's motion on the ground that the Trustee was seeking money damages based on tort and contract claims and thus was entitled to a jury trial. 103 B.R. 388. CNB sought leave to appeal to the district court which was granted pursuant to 28 U.S.C. Sec. 158(a). The district court affirmed, 112 B.R. 61, and thereafter certified an interlocutory appeal under 28 U.S.C. Sec. 1292(b). CNB seeks leave to appeal as provided by Fed.R.App.P. 5(a).
 
 DISCUSSION
 
 5
 Appellate jurisdiction over bankruptcy court decisions exists in district courts pursuant to 28 U.S.C. Sec. 158(a)[1] or in bankruptcy appellate panels in circuits where such a panel has been established under Section 158(b).[2] Section 158(d) provides for review by courts of appeals of "final" orders of a district court or bankruptcy panel.[3] Because Section 158(d) does not provide for court of appeals jurisdiction over interlocutory orders of a district court reviewing an order of a bankruptcy court, CNB seeks to invoke our jurisdiction under 28 U.S.C. Sec. 1292(b).[4]
 
 
 6
 Although both parties appear desirous of our hearing the appeal, we sua sponte address the question whether Section 158(d) precludes by negative implication appellate jurisdiction under Section 1292(b) of interlocutory decisions rendered under Section 158(a). This issue is not without difficulty. Unless Section 158(d) provides the exclusive means of court of appeals review of orders entered under Subsection (a), it is arguably superfluous because courts of appeals already have appellate jurisdiction under 28 U.S.C. Sec. 1291 over final decisions of district courts. If Section 158(d) is exclusive, of course, then we have no jurisdiction under Section 1292(b).
 
 
 7
 However, reading Section 158(d) as the exclusive basis for appellate jurisdiction creates an anomaly in that a district court may withdraw any matter from the bankruptcy court under 28 U.S.C. Sec. 157(d), and its decisions are thereafter reviewable under Sections 1291 and 1292. See In re Sonnax Industries, Inc., 907 F.2d 1280, 1282-83 (2d Cir.1990). If Section 158(d) is exclusive, then interlocutory orders entered by district courts that have withdrawn a case under Section 157(d) would be reviewable, if injunctive in nature, under Section 1292(a)(1) or, if not injunctive, upon certification under Section 1292(b), while identical interlocutory orders entered under Section 158(a) would be unreviewable. It is tempting, therefore, to say that interlocutory orders entered under Section 158(a) are reviewable under Section 1292. However, that may create a new anomaly. Section 158(d) provides appellate jurisdiction for final orders entered under Subsections (a) and (b). Subsection (b) provides for the creation and operation of appellate panels of bankruptcy judges, and, arguably, it would overly stretch Section 1292 to hold that an order entered by such an appellate panel under Section 158(b) might be subject to review as an interlocutory injunction under Section 1292(a)(1) or discretionary review after certification under Section 1292(b).
 
 
 8
 Our cases are in disarray on the jurisdictional question. In In re Johns-Manville Corp., 824 F.2d 176 (2d Cir.1987), we held that the district court's affirmance of an order denying a request for appointment of a shareholders' committee was non-final within the meaning of Section 158(d). In doing so, we relied on the view that the law provides
 
 
 9
 adequate avenues of immediate appellate review for denial of motions to appoint shareholder committees without automatic, immediate access to the courts of appeals during the pendency of a bankruptcy proceeding. Under 28 U.S.C. Sec. 158(a), district courts are authorized to review interlocutory orders of the bankruptcy courts. Moreover, district courts may certify for appeal to the courts of appeals any interlocutory order meeting the statutory criteria of 28 U.S.C. Sec. 1292(b).
 
 
 10
 Id. at 180. Our next brush with this issue was LTV Corp. v. Farragher (In re Chateaugay Corp.), 838 F.2d 59 (2d Cir.1988). That case involved Section 1292(a)(1) rather than Section 1292(b), but we perceive no principled grounds for distinguishing between these subsections for purposes of determining our appellate jurisdiction. LTV held that we lacked jurisdiction to hear an appeal from a district court's vacating and remanding an injunctive order entered by the bankruptcy court for entry of a new order. In doing so, LTV stated:
 
 
 11
 Nor are we persuaded by the argument ... that sections 1291 and 1292 of Title 28 (allowing appeals from district court final decisions and certain interlocutory orders, 28 U.S.C. Secs. 1291, 1292) provide jurisdiction in this case. The order ... is not final as required by section 1291, and, while we have recognized the applicability of section 1292 to determinations made by a district court sitting in bankruptcy, see In re Feit & Drexler, Inc., 760 F.2d 406, 411-13 (2d Cir.1985), we believe that section 158(d) remains the exclusive basis for jurisdiction for decisions entered under paragraphs (a) and (c) of section 158.... Therefore, our finding that the district court's decision was not final requires us to conclude that we have no authority to hear this action under section 158(d).
 
 
 12
 Id. at 62-63. LTV made no mention of Johns-Manville, although the pertinent language in LTV is, in contrast to the language in Johns-Manville, clearly a holding.
 
 
 13
 LTV, however, appears never to have been cited for that holding, perhaps because the West Publishing Co. did not accord a headnote to it. The next year, NLRB v. Goodman, 873 F.2d 598 (2d Cir.1989), held to the contrary without referring to LTV. In that case, we reviewed a district court's remand of an issue that was related to an interlocutory injunction. We held:
 
 
 14
 Ordinarily, a remand to the bankruptcy court by a district court is not a final, appealable order under 28 U.S.C. Sec. 158(d) (1982), unless the remand effectively settles an issue and orders the bankruptcy court to perform merely a ministerial task. See In re Vekco, Inc., 792 F.2d 744 (8th Cir.1986); In re Fox, 762 F.2d 54 (7th Cir.1985). In this case, however, the Bankruptcy Court effectively enjoined the Labor Board from proceeding against Goodman and [another party]. The District Court's order, although remanding a substantive issue for reconsideration by the Bankruptcy Court, refused to dissolve the injunction. The order is therefore appealable under 28 U.S.C. Sec. 1292(a)(1) (1982).
 
 
 15
 Id. at 601-02. Since then, in New York State Department of Taxation and Finance v. Hackeling (In re Luis Elec. Contracting Corp.), 917 F.2d 713, 716-17 (2d Cir.1990), we have exercised appellate jurisdiction, without addressing the issue, over an interlocutory injunction issued by a bankruptcy court and affirmed by a district court.
 
 
 16
 The disarray of our decisions is matched by similar disagreements among the circuits, which are amply described in Capitol Credit Plan of Tennessee, Inc. v. Shaffer, 912 F.2d 749 (4th Cir.1990), and need not be detailed here. Although Goodman appears to be our latest holding on this matter, we address the issue de novo and have circulated this opinion to the active members of the court. See United States v. Reed, 773 F.2d 477, 478 (2d Cir.1985).
 
 
 17
 We conclude that Section 1292(b) does not provide jurisdiction in the instant matter. To be sure, nothing in Section 158(d) expressly negates jurisdiction. That provision simply does not mention interlocutory appeals. The fact that it would appear to be superfluous if not our exclusive source of our jurisdiction does, however, imply that it is exclusive. More importantly, the legislative history of Section 158(d) indicates that Congress intended to limit court of appeals jurisdiction over decisions of bankruptcy courts to final decisions.
 
 
 18
 Section 158(d)'s predecessor was 28 U.S.C. Sec. 1293(b), which differed in language but not in substance. See Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, Sec. 236(a), 92 Stat. 2549, 2667. Although enacted in 1978, Section 1293(b)'s effective date was in 1984. See id. at Sec. 402(b), 92 Stat. 2549, 2682. Before it became effective, Section 158(d) was passed, apparently as a substitute for Section 1293(b). See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Sec. 104, 98 Stat. 333, 341. Most of the pertinent legislative history, therefore, is in the Bankruptcy Act of 1978.
 
 
 19
 The course of events in Congress leading to passage of Section 1293(b) appears to have been as follows. The bill passed by the House, H.R. 8200, would have conferred Article III status upon bankruptcy judges and would have treated bankruptcy courts as on a par with district courts. It thus would have eliminated the longstanding practice of appellate review of bankruptcy court decisions by district courts and would have amended Section 1291 to provide for direct appellate review of bankruptcy decisions by courts of appeals. It similarly would have amended Section 1292 to provide for direct appeals from interlocutory orders of bankruptcy courts in the case of injunctions or certified questions. H.R. 8200, 95th Cong., 2d Sess., 124 Cong.Rec. 1786 (Feb. 1, 1978) (setting forth sections 237-39 of bill); id. at 1804 (passage of bill). That the implications of this were fully understood is made clear by the discussion in the relevant House Report concerning these provisions and in particular their impact on the caseload of the courts of appeals. H.R.Rep. No. 595, 95th Cong., 2d Sess. 40-43, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6001-04.
 
 
 20
 The Senate bill, S. 2266, as reported out by the Judiciary Committee, did not confer Article III status on bankruptcy judges and would have continued the practice of appeals to the district courts. It contained no explicit provision for subsequent review by the courts of appeals. The Senate Judiciary Committee Report did contain the puzzling statement that "[a]ppeals may be taken by writ of certiorari from the district court to the United States court of appeals ... 28 U.S.C. Sec. 1291." S.Rep. No. 989, 95th Cong., 2d Sess. 18, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5804. There was, however, no provision in S. 2266 establishing a certiorari procedure, and the Report's remark may well have reflected a misunderstanding of Section 1291. In any event, on the Senate floor, the text of S. 2266 was substituted for the text of H.R. 8200. 124 Cong.Rec. 28284 (Sept. 7, 1978).[5] When this substitution was made, the provisions of S. 2266 relevant to the instant matter were as reported out of the Judiciary Committee.
 
 
 21
 Although the House and Senate versions of H.R. 8200 differed, no conference was held. Instead, on September 28, the House voted to accept the Senate version of H.R. 8200 subject to further amendments. 124 Cong.Rec. 32350, 32420 (Sept. 28, 1978). In accepting the Senate version, the House abandoned the original provisions of H.R. 8200 that had amended Sections 1291 and 1292 to allow direct appeals from final and interlocutory orders of bankruptcy courts to courts of appeals. However, the House also added amendments to the substitute, three of which are pertinent to the instant matter. First, it created a new Section 1293 in Title 28 that provided for court of appeals jurisdiction over final decisions of the new bankruptcy panels and court of appeals jurisdiction over final decisions of bankruptcy courts if the parties agreed to such a direct appeal. 124 Cong.Rec. 32385 (Sept. 28, 1978). Second, Section 1334 of Title 28 was amended to provide for appellate review by district courts of final orders of bankruptcy courts and district court review of interlocutory orders of bankruptcy courts but only by leave of the district court. Id. Third, it provided for review of final decisions and interlocutory decisions (again upon leave) of bankruptcy courts by appellate bankruptcy panels in a new 28 U.S.C. Sec. 1482. Id. at 32386. None of the September 28 amendments addressed court of appeals jurisdiction over decisions of district courts reviewing decisions of bankruptcy courts.
 
 
 22
 The action then returned to the Senate. The Senate concurred in the House's amendments, but added yet further amendments of its own. 124 Cong.Rec. 33989-34019 (Oct. 5, 1978). One of the October 5 Senate amendments added language to the new Section 1293(b) that was in substance what is now provided by Section 158(d), namely court of appeals jurisdiction over "final" decisions of district courts reviewing a bankruptcy court. Id. at 33991. The House then adopted the Senate amendments. 124 Cong.Rec. 34143 (Oct. 6, 1978).
 
 
 23
 In 1984, Congress adopted with only cosmetic changes the scheme of the 1978 Act concerning appellate review. Section 158(a) provided for district court review of final bankruptcy court orders and district court review of interlocutory bankruptcy court decisions by leave of the district court. Section 158(d) provided for court of appeals review of final decisions of a district court reviewing decisions of a bankruptcy court. The only further wrinkle occurred when Congress added the procedure for district court withdrawal of a matter from the bankruptcy court. 28 U.S.C. Sec. 157(d). No appellate procedures were provided for decisions in withdrawn cases, and Sections 1291 and 1292 are applicable in light of the fact that withdrawn cases are within the original jurisdiction of district courts. See In re Sonnax Industries, Inc., 907 F.2d 1280, 1282-83 (2d Cir.1990).
 
 
 24
 Some of the confusion concerning Section 158(d) may have arisen from the complexity of the interplay between the two houses of the Congress and the lack of commentary on issues concerning court of appeals jurisdiction during proceedings on the floor. The House Committee Report, as noted, contained an explicit discussion of the issue. The Senate Report, as also noted, was more enigmatic and perhaps reflected a misunderstanding of appellate jurisdiction as it existed at the time. Although major changes occurred thereafter, including deletion of the provisions of H.R. 8200 that would have authorized review under Sections 1291 and 1292, there was no commentary on the floor of either House regarding these changes, and the lack of a conference eliminated whatever light might have been shed by a conference report.
 
 
 25
 Nevertheless, this is a case of actions-speaking louder than words, and the events described above reflect a deliberate congressional intent to limit court of appeals jurisdiction over bankruptcy decisions. The interplay between the House and Senate was conscious and informed as each responded to changes proposed by the other. The original bill passed by the House gave to the courts of appeals direct appellate jurisdiction over bankruptcy courts by appropriate amendments to Sections 1291 and 1292. When the Senate chose to continue appellate jurisdiction in district courts, the House acceded by deleting the proposed amendments to Sections 1291 and 1292 and substituting provisions for appellate review by district courts of final bankruptcy court decisions and of interlocutory bankruptcy court decisions upon leave of the district court. The House did not include in this amended version any explicit provision for court of appeals review of either final or interlocutory decisions of district courts reviewing decisions of bankruptcy courts. Although final decisions might be reviewable under Section 1291, review of interlocutory decisions would have been severely limited because such review would appear to have been limited to cases in which the district court had already granted leave. In those circumstances, the Senate's subsequent addition of the substance of Section 158(d) providing for court of appeals review of final decisions of district courts reviewing bankruptcy decisions strongly indicates that court of appeals jurisdiction was intended to be limited to review of such final decisions.
 
 
 26
 The creation of the withdrawal procedure in 1984, however, created an apparently unnoticed anomaly. If Section 158(d) precludes court of appeals review of interlocutory decisions of bankruptcy courts, including injunctions, Supreme Court review also will be barred. In such circumstances, interlocutory bankruptcy decisions by district courts, including injunctions, acting in their original jurisdiction after a withdrawal of referral under Section 157(d), would be subject to review by a court of appeals and by the Supreme Court. However, an interlocutory decision by a bankruptcy court, involving the identical legal issue, would be subject only to discretionary review by district courts. No further review would be available. Court of appeals and Supreme Court jurisdiction would thus depend entirely on whether the district court had maneuvered the appeal into the proper procedural posture. A district court desiring to make appellate review available under Section 1292 could withdraw the bankruptcy court's reference and reaffirm that court's interlocutory order. A district court wishing to avoid such review could do so by not withdrawing reference to the bankruptcy court.
 
 
 27
 We are unpersuaded, however, that this anomaly is cause to treat Section 158(d) as superfluous and to ignore its history. First, the history detailed above indicates that in 1978 Congress intended to eliminate court of appeals jurisdiction over interlocutory orders of bankruptcy courts. The oversight, if any, occurred in 1984 when the withdrawal procedure was introduced, subjecting interlocutory decisions of district courts in withdrawn cases to review under Section 1292.
 
 
 28
 Second, the anomaly is not fatally serious. Even if review of an interlocutory district court decision in a non-withdrawn case was available under Section 1292(b), that review could be avoided by a district court's declining to grant leave under Section 158(a). Moreover, whether Section 1292 can be stretched to include review of interlocutory decisions of bankruptcy panels seems at least in doubt. Finally, there is rough, if not complete, symmetry in limiting interlocutory appeals to: (i) discretionary review by the district court under Section 158(a) in non-withdrawn cases, and (ii) court of appeals review of interlocutory decisions in withdrawn cases under Section 1292.
 
 
 29
 The Third Circuit has strongly argued against giving force to the negative implication of Section 158(d) and stated in Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 200 n. 7 (3d Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983):
 
 
 30
 Given the enormity of the change in law which would bar all court of appeals and Supreme Court review of interlocutory orders in bankruptcy cases, and the complete absence of discussion of such a change [in the legislative record], we are not ready to assume without critical analysis that those courts which have held such review to be barred are correct.
 
 
 31
 Thus, if Section 158(d) precludes interlocutory review under Section 1292, "the bankruptcy courts have been given pendente lite powers, subject only to district court review, equivalent to those exercised by the federal circuit courts prior to the passage of the Evarts Act in 1891." Coastal Steel, 709 F.2d at 199.
 
 
 32
 We by no means suggest that these arguments lack force as policy statements. Indeed, it might also be argued that the result we reach is not consistent with the canon of construction disfavoring repeals by implication. Such an argument, however, ignores the fact that Section 1292 is clearly "repealed" with regard to all interlocutory decisions of bankruptcy courts except for those for which leave to appeal is granted by a district court under Section 158(a). The "repeal" we infer from Section 158(d) is thus part of a far greater explicit repeal. The canon disfavoring interpretations that render statutory language superfluous--as would be the fate of Section 158(d) were we to adopt a different result--would thus seem to prevail. Canons aside, we have concluded that Congress made a deliberate and informed policy decision that is binding upon us. This conclusion is in accord with the weight of opinion in other circuits. See Capitol Credit Plan of Tenn., Inc. v. Shaffer, 912 F.2d 749, 754 (4th Cir.1990) (Sec. 1292(b) inapplicable); In re Atencio, 913 F.2d 814, 816 (10th Cir.1990) (Sec. 1292(a) inapplicable); In re Kaiser Steel Corp. (Kaiser Steel Corp. v. Frates), 911 F.2d 380, 386 (10th Cir.1990) (Sec. 1292(b)); In re Hester (Hester v. NCNB Tex. Nat'l Bank), 899 F.2d 361, 365 (5th Cir.1990) (Sec. 1292(a)); In re First South Sav. Ass'n, 820 F.2d 700, 708-09 (5th Cir.1987) (Sec. 1292(a)); In re Teleport Oil Co. (Teleport Oil Co. v. Security Pac. Nat'l Bank), 759 F.2d 1376 (9th Cir.1985) (Sec. 1292(a)). But see In re Jartran, Inc., 886 F.2d 859, 865 (7th Cir.1989) (Sec. 1292(b)).
 
 
 33
 Dismissed.
 
 
 
 [1]
 Section 158(a) reads:
 The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
 28 U.S.C. Sec. 158(a) (1988).
 
 
 [2]
 Section 158(b) reads in pertinent part:
 (1) The judicial council of a circuit may establish a bankruptcy appellate panel, comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.
 (2) No appeal may be referred to a panel under this subsection unless the district judges for the district, by majority vote, authorize such referral of appeals originating within the district.
 28 U.S.C. Sec. 158(b) (1988).
 
 
 [3]
 Section 158(d) reads:
 The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 28 U.S.C. Sec. 158(d) (1988).
 
 
 [4]
 Section 1292(b) reads, in pertinent part:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order
 ....
 28 U.S.C. Sec. 1292(b) (1988).
 
 
 [5]
 Two weeks later, Senator Byrd requested and received unanimous consent to vitiate the passage of H.R. 8200 and offer an amendment in the nature of a substitute deleting certain references to federal taxes and certain provisions that amended the federal tax laws. 124 Cong. Rec. 30960 (Sept. 22, 1978). However, that detour has no bearing on the jurisdictional amendments here pertinent