*23 Appeal dismissed and case remanded by published opinion. Senior Judge PHILLIPS wrote the opinion, in which Judge NIEMEYER and Judge HAMILTON joined.
OPINION
PHILLIPS, Senior Circuit Judge:
A local district court rule provides that when application is made under 28 U.S.C. § 158(a) for leave to appeal a bankruptcy court’s interlocutory order, the district court may “request” a reasoned certification by the bankruptcy court that it considers the order one warranting immediate review. Here the district court embodied such a “request” in an order remanding the case to the bankruptcy court with instructions to make such a certification. Certain of the parties noticed an appeal from that remand order and the question for us is whether we have jurisdiction of that appeal. We hold that we do not, and dismiss the appeal.
I.
In 1984, Wallace & Gale Company (Debt- or) petitioned the U.S. Bankruptcy Court for the District of Maryland for Chapter 11 bankruptcy protection. In April 1994, the Debtor, several asbestos claimants (Claimants), the legal representative, for future claimants (Representative), and the Mayor and City Council of Baltimore filed a joint plan of reorganization and a disclosure statement with the bankruptcy court. Appellants Aetna and St. Paul (Insurers), two of the Debtor’s insurers, objected to the disclosure statement.. After a hearing, the bankruptcy court sustained the Insurers’ objections and entered its order denying approval of the disclosure statement.
The Claimants and the Representative appealed to the district court, challenging the bankruptcy court’s rejection of the disclosure statement. The Claimants filed a motion for leave to appeal and a notice of appeal, -as Bankruptcy Rule 8001(b) requires when • a party seeks to appeal an interlocutory order.[1] The appeal notice contained a heading identifying the case, and the body of the notice identified the appellants as “Asbestos Claimants Represented by the Law Offices of Peter G. Angelos.” (JA 11) The notice also included the name, address, and phone number of the Claimants’ attorney. Several days later, the Representative filed a separate notice of appeal that was identical to the Claimants’ except for the name of the appealing party and the attorney. The district court consolidated these two appeals.
In October of 1994, the district court held a hearing on a motion by the Insurers to dismiss the appeals. The Insurers argued that the Claimants’ notice of appeal was defective because it failed to list any claimants individually and that their appeal should be dismissed for lack of jurisdiction. In February of 1995, the district court issued two substantially identical orders, one for each of the consolidated appeals. In these orders, the district judge decided “without either affirming or overruling the [bankruptcy court’s order] ... to remand the case to the bankruptcy court for further proceedings as specified in this Order.” (JA 126) Specifically, the district court remanded the matter, pursuant to its Local Rule 403.5,[2] with in *24 structions that the bankruptcy court hold hearings to determine whether certain legal issues underlying its interlocutory order warranted certification for immediate review by the district court.[3] In its remand order, the district court expressly deferred ruling on whether the allegedly defective appeal notices deprived it of appellate jurisdiction.
The Insurers noticed appeals from the district court’s order.
II.
The Claimants and Representative contend that because the district court’s order was neither final nor an appealable interlocutory order, we lack jurisdiction over this appeal. We agree.
Courts of appeals have jurisdiction over appeals from three types of district court orders entered on appeals from bankruptcy courts. First, under 28 U.S.C. § 158(d) (1995), we have jurisdiction over appeals from all “final decisions, judgments, orders, and decrees” of the district court. Second, we have jurisdiction over appeals from certain interlocutory “collateral” orders. In re Looney, 823 F.2d 788 (4th Cir.1987); see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Finally, 28 U.S.C. § 1292(b) gives us discretionary jurisdiction over appropriately certified interlocutory orders. See Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (§ 1292(b) applicable to bankruptcy appeals). Because the district court has not certified this appeal under § 1292(b), we have jurisdiction only if the district court's order was final or, though interlocutory, appealable as a collateral order. We conclude that it was neither.
A.
First, the district court’s order was not final. District court orders remanding cases to the bankruptcy court for further consideration are not, ordinarily, final orders. See Capitol Credit Plan of Tennessee, Inc. v. Shaffer, 912 F.2d 749, 750 (4th Cir.1990). This one is patently non-final. It remands only for the taking of procedural steps to aid the district court in its discretionary decision whether to review the interlocutory order immediately or to defer review. It expressly defers consideration of the merits and even of any issues respecting the technical validity of the appeal notices that might deprive it even of discretionary review powers at this stage. The order therefore is not appealable to this court under 28 U.S.C. § 158(d).
B.
The district court’s order also is not an appealable interlocutory order under the collateral order doctrine. To be reviewable under that doctrine, “an order ‘must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action and be effectively unreviewable on appeal from a final judgment.’ ” In re Looney, 823 F.2d at 791 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978)).
The Insurers argue that the district court’s deferral of the question of its own jurisdiction amounts to such a collateral order. More specifically, they argue that because the Claimants’ and Representative’s notices of appeal were defective,[4] the district court *25 lacked jurisdiction even to enter the remand-for-certification order. And, they further contend that the district court’s failure to rule on the jurisdictional issues raised by their motion to dismiss the appeal conclusively determined the question of its jurisdiction. Finally, they argue that this implicit jurisdictional ruling is effectively one unreviewable on appeal from final judgment because the defective notices of appeal will by then be cured.
There is no merit to this strained argument. The district court’s decision to defer ruling on the validity of the appeal notices did not conclusively determine the question of its jurisdiction. If and when the bankruptcy court certifies any issues for interlocutory appeal, the Insurers will be free to renew their technical challenges to the notices of appeal and to contest the right of the appellants to cure any defects found in the original notices.
The district court’s decision to remand the case for certification before deciding as a discretionary matter whether to entertain the appeal at this stage is entirely consistent with 28 U.S.C. § 158(a) and the district court’s own Local Rule 403.5. The bankruptcy court’s order denying approval of the disclosure statement was interlocutory. Adams v. First Fin. Dev. Corp. (In re First Fin. Dev. Corp.), 960 F.2d 23, 26 (5th Cir.1992). Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court’s interlocutory order is committed to the district court’s discretion. See In re Texas Extrusion Corp., 844 F.2d 1142, 1156 (5th Cir.1988). Local Rule 403.5 provides a procedure for assisting the district court in exercising that discretion, by creating a counterpart to the procedure provided in 28 U.S.C. § 1292(b). Because the district court will only decide whether to exercise jurisdiction over the appeal after the bankruptcy court has certified its order for immediate appeal, the district court has not conclusively determined any disputed substantive or jurisdictional issue at this stage of the litigation. Accordingly, its order was not appealable under the collateral order doctrine.
III.
When we conclude, as we do here, that we lack jurisdiction to reach the merits of an appeal, we are not without power to act. See U.S. Bancorp Mortgage v. Bonner Mall Partnership, — U.S. -, -, 115 S.Ct. 386, 389, 130 L.Ed.2d 233 (1994). We retain the power under 28 U.S.C. § 2106 to dismiss the appeal and remand the cause with instructions. See U.S. Bancorp Mortgage, — U.S. at -, 115 S.Ct. at 389-90. Accordingly, we will dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to remand to the bankruptcy court for further proceedings in accordance with the district court’s unappealable remand order.

SO ORDERED.

. The Insurers objected to this motion and the bankruptcy court dismissed the motion as moot, because the appeal already had been docketed under the notice of appeal. We noté that the bankruptcy court’s dismissal of the motion for leave to appeal does not affect the validity of the Claimants’ appeal from the disclosure statement order. Under Bankruptcy Rule 8003(c), a district court deciding whether to grant an appeal from an interlocutory order "shall consider [a] notice of appeal as a motion for leave to appeal.”

. Local Rule 403.5 provides:
Whenever there has been filed in the District Court an application for leave to appeal an interlocutory order of the Bankruptcy Court, the Bankruptcy Court shall, upon reqúest of the District Court, submit to the District Court a written certification stating whether, in its opinion, the interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal of it may materially advance the ultimate termination of the case. The District Court shall thereafter determine whether to grant or deny the application for leave to appeal.

. The substantive issues on which the district court desired certification are of no consequence to our decision on the jurisdictional issue. They involved aspects of the disclosure statement which figured in the bankruptcy court's decision to deny approval.

. Specifically, the Insurers argue that the Claimants' appeal notice is defective because it fails to name each plaintiff taking the appeal. The Insurers note that the naming requirements of Bankruptcy Rule 8001(a)—which requires an appeal notice to contain the names of all parties to the bankruptcy order appealed from—are jurisdictional; thus they argue that designating the claimants merely as “Asbestos Claimants Represented by the Law Offices of Peter G. Angelos” deprived the district court of jurisdiction over all parties not specifically named. We note that other courts have disagreed as to how rigorous Rule 8001(a)'s requirements are. Compare Storage Technology v. United States District Court, 934 F.2d 244, 247 (10th Cir.1991) (appeal notices must specifically designate each individual appellant), and In re Pettibone Corp., 145 B.R. 570 (N.D.Ill.1992) (same), with In re Case, 937 F.2d 1014, 1021 (5th Cir.1991) (appeal notice must simply “contain” appellant’s name). Be *25 cause our resolution of this case does not require us to rule on the adequacy of the Claimants' appeal notice, we do not reach this question.