77 F.3d 472
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re David Lee WRIGHT; Sandra Liane Wright, Debtors.
COMMERCIAL CREDIT CORPORATION; Frank J. Santoro, Plaintiffs-Appellees,
v.
David Lee Wright; Sandra Liane WRIGHT, Defendants-Appellants.
 No. 95-1800.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1995.
Decided Feb. 14, 1996.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-94-129-4, BK-94-40616-B)
 ARGUED: Richard G. Poinsett, LAW OFFICE OF RICHARD G. POINSETT, Hampton, Virginia, for Appellant.
 Frank J. Santoro, MARCUS, SANTORO & KOZAK, Portsmouth, Virginia, for Appellee Santoro; Melvin Reginald Zimm, GLASSER & GLASSER, P.L.C., Norfolk, Virginia, for Appellee Commercial Credit. ON BRIEF: Linda Weston Coppinger, LAW OFFICE OF RICHARD G. POINSETT, Hampton, Virginia, for Appellant.
 E.D.Va.
 DISMISSED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In April 1994, David and Sandra Wright filed a petition to adjust their debts pursuant to Chapter 13 of the Bankruptcy Act. At the time the Wrights filed the petition, they also circulated a plan which treated Commercial Credit Corp., a second mortgagee on the Wrights' house, as an unsecured creditor, stating that the value of the Wrights' house was inadequate to provide security for Commercial Credit's lien.
 
 
 2
 Commercial Credit and the United States trustee objected to confirmation of the plan, but for differing reasons. In its objection, Commercial Credit stated, "It is submitted that there is equity in said property which secures the repayment of the indebtedness due this creditor," and therefore its lien should not be voided. The trustee challenged the court's right to strip a consensual lien where there is no underlying equity and contended that before the court could consider the issue, it was required to hold a hearing on the value of the Wrights' property. The Bankruptcy Court scheduled a hearing "to consider and act upon an objection of Commercial Credit Corporation to confirmation of the Chapter 13 plan" and at the hearing, following the argument of counsel, concluded that the objections of both Commercial Credit and the trustee "are sustained and confirmation [of the plan] is denied." The court stated, "[The creditors' lien-stripping proposal] may not be put in the plan itself." It did not, however, schedule a separate property valuation hearing.
 
 
 3
 The Bankruptcy Court's order denying confirmation of the plan was appealed to the district court which, on the papers, "AFFIRMED as to the need to hold an adversarial hearing to determine whether appellee Commercial Credit Corporation is a secured or an unsecured creditor, and REVERSED insofar as the Bankruptcy Judge's determination that Noblemen v. American Savings Bank [113 S.Ct. 2106 (1993) ] prohibited lien stripping in this matter." The district court then directed, "This matter is REMANDED for proceedings consistent with this order." This appeal was noticed from the district court's remand order.
 
 
 4
 While all parties are interested in having us decide whether there is a procedural mechanism available for "lien stripping" where there is no equity, we conclude that the order of the district court remanding this case to the bankruptcy court for further proceedings is not a final order and, therefore, is not appealable. See Capitol Credit Plan of Tennessee, Inc. v. Shaffer, 912 F.2d 749 (4th Cir.1990). Because we are without subject matter jurisdiction, we must dismiss this appeal.
 
 
 5
 DISMISSED.