**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: DAVID LEE WRIGHT; SANDRA
LIANE WRIGHT,
<u>Debtors.</u>

COMMERCIAL CREDIT CORPORATION;
FRANK J. SANTORO,

No. 95-1800

<u>Plaintiffs-Appellees,</u>

v.

DAVID LEE WRIGHT; SANDRA LIANE
WRIGHT,
<u>Defendants-Appellants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, District Judge.
(CA-94-129-4, BK-94-40616-B)

Argued: November 2, 1995

Decided: February 14, 1996

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard G. Poinsett, LAW OFFICE OF RICHARD G.
POINSETT, Hampton, Virginia, for Appellant. Frank J. Santoro,

MARCUS, SANTORO & KOZAK, Portsmouth, Virginia, for Appel-
lee Santoro; Melvin Reginald Zimm, GLASSER & GLASSER,
P.L.C., Norfolk, Virginia, for Appellee Commercial Credit. **ON
BRIEF:** Linda Weston Coppinger, LAW OFFICE OF RICHARD G.
POINSETT, Hampton, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In April 1994, David and Sandra Wright filed a petition to adjust
their debts pursuant to Chapter 13 of the Bankruptcy Act. At the time
the Wrights filed the petition, they also circulated a plan which treated
Commercial Credit Corp., a second mortgagee on the Wrights' house,
as an underlined unsecured creditor, stating that the value of the Wrights' house
was inadequate to provide security for Commercial Credit's lien.

Commercial Credit and the United States trustee objected to confir-
mation of the plan, but for differing reasons. In its objection, Com-
mercial Credit stated, "It is submitted that there is equity in said
property which secures the repayment of the indebtedness due this
creditor," and therefore its lien should not be voided. The trustee chal-
lenged the court's right to strip a consensual lien where there is no
underlying equity and contended that before the court could consider
the issue, it was required to hold a hearing on the value of the
Wrights' property. The Bankruptcy Court scheduled a hearing "to
consider and act upon an objection of Commercial Credit Corporation
to confirmation of the Chapter 13 plan" and at the hearing, following
the argument of counsel, concluded that the objections of both Com-
mercial Credit and the trustee "are sustained and confirmation [of the
plan] is denied." The court stated, "[The creditors' lien-stripping pro-
posal] may not be put in the plan itself." It did not, however, schedule
a separate property valuation hearing.

2

The Bankruptcy Court's order denying confirmation of the plan was appealed to the district court which, on the papers, "AFFIRMED as to the need to hold an adversarial hearing to determine whether appellee Commercial Credit Corporation is a secured or an unsecured creditor, and REVERSED insofar as the Bankruptcy Judge's determination that Noblemen v. American Savings Bank [113 S.Ct. 2106 (1993)] prohibited lien stripping in this matter." The district court then directed, "This matter is REMANDED for proceedings consistent with this order." This appeal was noticed from the district court's remand order.

While all parties are interested in having us decide whether there is a procedural mechanism available for "lien stripping" where there is no equity, we conclude that the order of the district court remanding this case to the bankruptcy court for further proceedings is not a final order and, therefore, is not appealable. See Capitol Credit Plan of Tennessee, Inc. v. Shaffer, 912 F.2d 749 (4th Cir. 1990). Because we are without subject matter jurisdiction, we must dismiss this appeal.

DISMISSED

3