OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:
Before this court is a motion (1) to certify an interlocutory appeal of our June 26, 1996 Opinion and Order (the “Order”) in the above-captioned case, and (2) to stay all proceedings pending the appeal of the Order. We assume familiarity with the facts and circumstances of this case, as described in that Order. See United States ex rel. Mikes v. Straus, 931 F.Supp. 248 (S.D.N.Y.1996); see also Mikes v. Strauss, 889 F.Supp. 746 (S.D.N.Y.1995); United States ex rel. Mikes v. Straus, 858 F.Supp. 115 (S.D.N.Y.1994).
Plaintiff asserts this action on behalf of the United States and herself against her former employees under the qui tarn provisions of the False Claims Act (“FCA”), 31 U.S.C. § 3729 et seq., for alleged improper billing for medical procedures, including spirometry and magnetic resonance imaging (“MRI”) tests. Defendants moved for summary judgment dismissing plaintiff’s MRI-related claims for lack of subject matter jurisdiction on the ground that the MRI-related claims are based upon the public disclosure of allegations or transactions in a civil hearing within the meaning of 31 U.S.C. § 3730(e)(4)(A). On June 25, 1996, we issued the Order denying defendants’ motion. Defendants have moved to certify the Order to the Second Circuit for interlocutory appeal, and for a stay of all proceedings pending the appeal of the Order.[1] In the alternative, defendants seek a stay of discovery of MRI-related claims pending resolution of the appeal of this issue. For the reasons discussed below, defendants’ motion is denied.

DISCUSSION

In order for a district court to certify one of its orders for interlocutory appeal, the party seeking certification must show that the order it seeks to appeal “[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation.” 28 U.S.C. § 1292(b). Paramount among the three requirements of section 1292(b) is the probability that immediate appellate review will materially advance the ultimate termination of the litigation. See Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.), cert. denied, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972). Indeed, the Second Circuit has noted that “[t]he courts have tended to make the ‘controlling question’ requirement one with the requirement that its determination ‘may materially advance the ultimate termination of the litigation’ and that ‘[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.’ ” In re Duplan Corp., 591 F.2d 139, 148 n. 11 (2d Cir.1978) (quoting 9 Moore, Federal Practice, ¶ 110.22[2] at 260 (1975)). Although defendants challenge this court’s subject matter jurisdiction over the MRI-related claims, because there is no dispute as to this court’s subject matter jurisdiction over the spirometry-related claims, an appeal from the Order would do little to advance the ultimate termination of this case. On the contrary, certification of the Order for immediate appeal would even further protract resolution of this case, which has already been subjected to numerous delays. The Second Circuit has mandated that use of this certification procedure be “strictly limited” because “only ‘exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.’ ” Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)). In addition, the Second Circuit *303 has “urge[d] the district courts to exercise great care in making a § 1292(b) certification.” Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir.1992). Defendants seek to appeal this court’s Order denying a motion for partial summary judgment. The unexceptional circumstances of this ease requires adherence to the basic policy of postponing appellate review until after the entry of final judgment. Because defendants have not convinced us that an interlocutory appeal would materially advance the termination of this litigation, their motion to certify our Order for interlocutory appeal is denied.
Because we decline to certify the Order for immediate appeal, we see no reason to stay proceedings in this action, including discovery with respect to MRI-related claims. Therefore, defendants’ request to stay any part of the proceedings is denied.
Defendants also seek a stay of all proceedings pending their direct appeal pursuant to 28 U.S.C. § 1291. Under that section, courts of appeals have appellate jurisdiction to review “final decisions” of the district courts. A denial of a motion for summary judgment dismissing part of plaintiffs claims obviously is not a final decision that disposes of the case.
Defendants have appealed to the Second Circuit, however, relying on the judicially-created exception to the final decision principle, namely the Cohen doctrine, see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), also known as the collateral order doctrine: “[I]t allows immediate appeal from orders that are collateral to the merits of the litigation and cannot be adequately reviewed after final judgment.” Germain v. Connecticut National Bank, 930 F.2d 1038, 1040 (2d Cir.1991). “The exception, however, is in derogation of the federal policy against piecemeal appeals and hence is confined within strict limits.” Id. As articulated by the Supreme Court,
[t]he collateral order doctrine is a “narrow exception” ... whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal.... To fall within the exception, an order must at a minimum satisfy three conditions: It must [1] “conclusively determine the disputed question,” [2] “resolve an important issue completely separate from the merits of the action,” and [3] “be effectively unreviewable on appeal from a final judgment.”
Richardson-Merrell Inc. v. Roller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (citations omitted). “The third requirement, that the order ‘be effectively unreviewable on appeal from a final judgment,’ is not satisfied by the fact that postponement of vindication may ultimately prove less efficient than an immediate review ... or that ultimate vindication may require a second trial before a different trier of fact_” German, 930 F.2d at 1040 (citations omitted). A ruling as to whether or not this court has subject matter jurisdiction over the MRI-related claims does not meet the third precondition to immediate appeala-bility under the Cohen doctrine, for such an order is entirely reviewable on appeal from the final judgment. If this court lacks subject matter jurisdiction over the MRI-related claims, defendants may raise that issue on appeal from an adverse final judgment on those claims. If the appellate court then agrees with defendants, this court’s decision with respect to jurisdiction over MRI-related claims will be reversed, thus vindicating defendants’ right.
In short, we see no merit in defendants’ direct appeal under 28 U.S.C. § 1291 in reliance on the Cohen doctrine. Although this issue will of course be decided by the court of appeals and not by this court, we do not believe that defendants’ chance of success on such an appeal is sufficient to warrant a stay of proceedings in this case.
Even if the court of appeals were to find that it has jurisdiction to review this court’s Order pursuant to section 1291 and the Cohen doctrine, there would be no reason to stay proceedings with respect to the spirome-try-related claims. As for the MRI-related claims, given the history of this case and the pace at which discovery has been proceeding, we doubt that very much discovery on the MRI-related claims will be conducted be *304 tween now and when the Second Circuit renders a decision on defendants’ direct appeal pursuant to section 1291. Therefore, even in the unlikely event that the court of appeals (1) were to find appellate jurisdiction under section 1291 to review the Order of this court, and (2) were to reverse our ruling on the issue of subject matter jurisdiction over the MRI-related claims, we doubt that the amount of discovery that will have been conducted on the MRI-related claims by then would constitute an unreasonable waste of time and energy. On the other hand, if we were to stay discovery on the MRI-related claims, and if the court of appeals were to conclude that it does not have appellate jurisdiction to hear defendants’ appeal under section 1291, then we would have needlessly delayed proceedings in this case even further. We order both parties to proceed with discovery on all matters in this case without further undue delay.

CONCLUSION

For the foregoing reasons, defendants’ motion for certification and a stay of proceedings is denied.
SO ORDERED.

. Defendants have also sought review as of right on the ground that the Order constitutes a collateral order under the doctrine espoused in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).