13-1930-bk, 13-1950-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fourteen.

PRESENT: ROBERT D. SACK,
     REENA RAGGI,
     DENNY CHIN,
       *Circuit Judges*.

------------------------------------------------------------------------

IN RE SHAHARA KHAN,

------------------------------------------------------------------------

DEBRA KRAMER, AS TRUSTEE OF THE ESTATE OF
SHAHARA KHAN,
       *Plaintiff-Appellee,*

     v.          No. 13-1930-bk

TOZAMMEL H. MAHIA, KARAMVIR DAHIYA,
       *Defendants-Appellants.*

------------------------------------------------------------------------

DEBRA KRAMER, AS TRUSTEE OF THE ESTATE OF
SHAHARA KHAN,
       *Plaintiff-Appellee,*

     v.          No. 13-1950-bk

1

TOZAMMEL H. MAHIA,

                *Defendant-Appellant.*

-------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      KARAMVIR DAHIYA, ESQ., New York, New York.

APPEARING FOR APPELLEE:      AVRUM J. ROSEN, ESQ., Huntington, New York.

Appeals from an order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that these appeals from an order entered on April 15, 2013, are DISMISSED.

Tozammel Mahia, the defendant in a fraudulent conveyance action brought by the Trustee for Shahara Khan's bankruptcy estate, and Karamvir Dahiya, Mahia's attorney in the bankruptcy proceeding, file separate appeals from the same district court order. Mahia challenges the denial of his motion to withdraw the reference of the conveyance action to the United States Bankruptcy Court for the Eastern District of New York. Dahiya challenges the denial of his motion to withdraw the reference to the same bankruptcy court of the Trustee's motion for sanctions against him and his law firm. We have heard these appeals in tandem, and we assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to dismiss the appeals for lack of jurisdiction.

"Our appellate jurisdiction is generally limited to final decisions of district courts, those that end the litigation on the merits and leave nothing for the court to do but execute the judgment." SEC v. Smith, 710 F.3d 87, 93 (2d Cir. 2013) (internal quotation marks and brackets omitted). We have an independent obligation to ensure our appellate jurisdiction even where, as here, no party disputes it. See Germain v. Conn. Nat'l Bank, 930 F.2d 1038, 1039 (2d Cir. 1991). Our precedent holds that "a district court order denying a motion to withdraw the reference of an adversary proceeding to the bankruptcy court" is "not a final order so as to be appealable." In re Chateaugay Corp., 826 F.2d 1177, 1178 (2d Cir. 1987); see also 28 U.S.C. § 158(d). Nonetheless, where "[a]n order denying a motion to withdraw the reference of an adversary proceeding merges into a district court's final judgment disposing of it," appellate jurisdiction is established. In re Orion Pictures Corp., 4 F.3d 1095, 1100 (2d Cir. 1993); see also In re Ben Cooper, Inc., 924 F.2d 36, 38 (2d Cir. 1991).

Here, there was no final judgment with which to merge the order at issue. The challenged order denied motions to withdraw references of the adversary action and the sanctions motion, and, then, dismissed as moot Mahia's motion seeking to stay bankruptcy proceedings pending determination of the withdrawal motions. In short, the order went no further in substance than to decide where the cases should proceed. Cf. In re Orion Pictures Corp., 4 F.3d at 1100 (identifying jurisdiction where district court order in substance dismissed declaratory judgment action); In re Ben Cooper Inc., 924 F.2d at 38

3

(identifying appellate jurisdiction where district court invoked permissive abstention to abstain from exercising jurisdiction).

Mahia and Dahiya do not maintain that the challenged order either by itself or through merger qualifies as a final judgment. Instead, they invoke the collateral order exception established by Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). That doctrine allows review of collateral orders that "'(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively unreviewable on appeal from a final judgment.'" Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 146 (2d Cir. 2013) (quoting Will v. Hallock, 546 U.S. 345, 349 (2006)). Defendants' argument fails because the collateral order exception does not apply to orders denying a motion to withdraw the reference. See In re Chateaugay Corp., 826 F.2d at 1180 (reasoning that "[o]rders denying revocation of a reference to the bankruptcy court do not conclusively determine any substantive issue; they merely address where that issue will initially be decided," and that such orders remain subject to review on appeal).

Mahia's professed right to a jury trial warrants no different conclusion. See Germain v. Conn. Nat'l Bank, 930 F.2d at 1040 (holding that "ruling as to whether or not there will be a jury trial does not meet the third precondition to immediate appealability under the Cohen doctrine, for such an order is entirely reviewable on appeal from the final judgment").

4

Further, although Chateaugay addressed the denial of a motion to withdraw the reference of an adversary proceeding, its reasoning applies with equal force to the denial of Dahiya's motion to withdraw the reference of Khan's motion for sanctions. Indeed, the very fact that Dahiya's subsequent appeal of the sanctions order to the district court was decided on the merits indicates that the order is subject to effective review.

In the absence of appellate jurisdiction, Dahiya petitions this court for a writ of mandamus. See Linde v. Arab Bank, PLC, 706 F.3d 92, 107 (2d Cir. 2013) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers this Court to issue a writ of mandamus directing a district court to correct an erroneous order."). This is a "drastic" remedy reserved for "really extraordinary cases," where (1) the petitioning party has "no other adequate means to attain the relief he desires," (2) that party's "right to issuance of the writ is clear and indisputable," and (3) the court, "in the exercise of its discretion," is "satisfied that the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004) (internal quotation marks omitted); accord Balintulo v. Daimler AG, 727 F.3d 174, 186–87 (2d Cir. 2013). That is not this case. Not only do we identify no "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion," In re City of New York, 607 F.3d 923, 932 (2d Cir. 2010) (internal quotation marks omitted), but direct appeal offers both Mahia and Dahiya an adequate means to pursue relief, see Linde v. Arab Bank, PLC, 706 F.3d at 107 (stating writ is not "substitute for regular appeals process" (internal quotation marks omitted)).

5

Dahiya also appears to appeal what he considers to be disparaging remarks in the district court order harmful to his reputation and standing as an attorney. He argues that these remarks constitute sanctions imposed without due process. Where a court does not impose tangible sanctions it may nevertheless "make a finding of misconduct that would constitute a ruling adverse to the attorney and would therefore be appealable." Keach v. Cnty. of Schenectady, 593 F.3d 218, 223 (2d Cir. 2010). This doctrine is limited, however, to "an express finding that a lawyer has committed specific acts of professional misconduct," and does not afford jurisdiction to review "routine judicial commentary or criticism." Id. at 226. Although the district court here referenced "misconduct before the Bankruptcy Court," Kramer v. Mahia, Nos. 12-MC-794 (DLI), 12-MC-832 (DLI), 2013 WL 1629254, at *7 n.7 (E.D.N.Y. Apr. 15, 2013), this alluded to the bankruptcy court's own finding of misconduct and imposition of sanctions. The proper avenue for review of that finding of misconduct is appeal of the bankruptcy court's imposition of sanctions, not appeal of the district court's order referencing that finding of misconduct. Insofar as the challenged order "questions" Dahiya's "competency" and states an expectation that counsel will "heed the Bankruptcy Court's thoughtful advice," id., these comments constitute unreviewable "routine judicial commentary" analogous to those in Keach v. Cnty. of Schenectady, 593 F.3d at 225 (identifying no jurisdiction where district court "questioned" attorney's candor and found his actions "troubling").

6

We have considered the remainder of Mahia's and Dahiya's arguments in support of jurisdiction and consider them to be without merit.   The appeals are DISMISSED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court